UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AZIZ FADHIL ALI ELOUBAIDY,

    Plaintiff,

v.

ALBERTO GONZALES, Attorney General
of the United States, MICHAEL
CHERTOFF, Secretary of the Department of
Homeland Security, EMILIO T.
GONZALEZ, Director of the United States
Citizenship and Immigration Services, and
SANDY HEATHMAN, Acting Director,
Detroit District Office of the United States
Citizenship and Immigration Services,

    Defendants.
_____/

Case No. 07-11045

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 15, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Aziz Fadhil Ali Eloubaidy ("Plaintiff") commenced this action in response to Defendants' delay in processing his application for naturalization. Presently before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, to remand this matter to the United States Citizenship and Immigration Service ("CIS") for a

determination on Plaintiff's naturalization application. On August 8, 2007, the Court sent the parties a notice stating that the Court is dispensing with oral argument on their motions. *See* E.D. Mich. LR 7.1(e)(2).

## I. Factual and Procedural Background

Plaintiff, a citizen of Iraq and lawfully admitted to the United States for permanent residence, filed an application for naturalization on August 11, 2004. (Compl. ¶ 3.) One month later, on September 11, 2004, Plaintiff appeared at the Detroit CIS Applications Support Center to have his fingerprints taken. (*Id.* ¶ 13.) On December 17, 2004, a CIS officer interviewed Plaintiff. (*Id.* ¶ 14.) That same day, Plaintiff was informed that he passed the English basic, United states history, and United States government proficiency examinations, but a decision on his application could not be made until the Federal Bureau of Investigation ("FBI") completed a security name check. (*Id.* ¶ 15-16.) Although CIS submitted Plaintiff's name check request to the FBI on or about August 25, 2003, CIS, as of May 11, 2007, has not received the results of Plaintiff's name check from the FBI. (Dfts.' Mot. Ex. A ¶ 9.) Furthermore, as of April 23, 2007, the FBI has not completed Plaintiff's name check. (Dfts.' Mot. Ex. B ¶ 22.)

Plaintiff has contacted CIS on several occasions, and on each occasion, he was informed that his name check is still pending. (*See* Compl. ¶¶ 17-29.) In response to CIS's continued delay in adjudicating his naturalization application, Plaintiff commenced this lawsuit on March 12, 2007. Defendants filed the pending motion on May 14, 2007. Plaintiff responded on July 13, 2007.

## II. Defendants' Motion to Dismiss

Defendants contend that dismissal of Plaintiff's lawsuit is warranted based on lack of subject matter jurisdiction. Specifically, Defendants argue that jurisdiction under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b), is conferred upon a district court only after the FBI completes the applicant's security name check. Section 1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the *examination* is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b)(emphasis added). The current dispute turns on the meaning of the word "examination" as used in Section 1447(b). As the parties recognize, once the "examination" is conducted Section 1447(b)'s 120-day period begins to run. *See id.* Defendants assert that "the 'examination' is complete when all the information required for a naturalization decision to be made is gathered, which includes receipt of definitive and favorable responses on all background checks." (Dfts.' Br. at 8.) In response, Plaintiff argues that "examination" refers to the initial interview of an applicant, which in this case occurred on December 17, 2004 – well over 120-days before this lawsuit was filed.

In support of their argument that the "examination" is not completed until CIS receives responses to all background checks, Defendants rely on the language and purpose of Section 1447 and recent decisions in which courts have held the initial

3

interview "is merely a part of the overall examination process, as is the review of plaintiff's FBI background investigation . . . ."[1] *Danilov v. Aguirre*, 370 F. Supp. 2d 441, 444 (E.D. Va. 2005); *see also Martinez v. Gonzales*, 463 F. Supp. 2d 569, 572-73 (E.D. Va. 2006)(holding that "the interview was merely one part of the examination process, as is the FBI background check"); *Kassemi v. Dep't of Homeland Sec.*, No. 06-1010, 2006 U.S. Dist. LEXIS 74516, at *5, 2006 WL 2938819 (D.N.J. Oct. 13, 2006)(same); *Walji v. Gonzales*, No. 06-1163, 2006 U.S. Dist. LEXIS 95931, at * 14 (S.D. Tex. Oct. 6, 2006)(same)[2]; *Damra v. Chertoff*, No. 05-0929, 2006 U.S. Dist. LEXIS 45563, at *9, 2006 WL 1786246 (N.D. Ohio June 23, 2006)(same).

---

[1] In addition, Defendants contend that their interpretation of the statute is reasonable, and thus, it is entitled to *Chevron* deference. (Dfts.' Br. 14-16.) Recently, this Court rejected an identical argument. *Al-Mohammed v. USCIS*, 07-10732, 2007 U.S. Dist. LEXIS 49174, 2007 WL 2004866 (E.D. Mich. July 9, 2007)(Duggan, J.). In doing so, the Court stated that "[u]nder *Chevron*, courts must 'defer to an agency's reasonable interpretation of a statute it administer[s] unless 'the intent of Congress is clear.'" 2007 U.S. Dist. LEXIS 49174, at *4 n.2 (quoting *Hamama v. INS*, 78 F.3d 233, 239 (6th Cir. 1996)). For the reasons set forth below, because this Court, as it did in *Al-Mohammed*, continues to believe that the intent of Congress is clear, Defendants' interpretation is not entitled to *Chevron* deference. *See id.*

[2] In his response brief, Plaintiff, on his own initiative, informs the Court that the Fifth Circuit in *Walji v. Gonzales*, 489 F.3d 738, 2007 U.S. App. LEXIS 14450, at *8, 2007 WL 174911 (5th Cir. June 19, 2007) recently affirmed the district court in holding that Section 1447(b)'s 120-day period did not begin to run until the security investigation is complete. *Walji* is the only Court of Appeals decision interpreting Section 1447(b) as it applies to pending naturalization applications. Nevertheless, this Court is not bound by the decision, and even if Defendants were relying on this decision, for reasons identical to those taken by other courts in this district, this Court does not find *Walji* persuasive. *See, e.g., Ouili v. DHS*, 07-11749, 2007 U.S. Dist. LEXIS 56571, at *5-6, 2007 WL 2259335 (E.D. Mich. Aug. 2, 2007)(Roberts, J.)(rejecting reasoning of *Walji*); *Omeiri v. Dist. Dir., Bureau of Citizenship and Immigration Servs.*, 07-11737, 2007 U.S. Dist. LEXIS 53235, at *7-11, 2007 WL 2121998 (E.D. Mich. July 24, 2007)(Zatkoff, J.)(same).

The majority of courts,[3] including every court in this district that has been faced with the issue,[4] have concluded that "examination" refers to the initial interview of an

---

[3]*See, e.g., Al-Farisi v. Mueller*, No. 06-15504, – F. Supp. 2d –, 2007 U.S. Dist. LEXIS 43273, 2007 WL 2177890 (S.D.N.Y. June 15, 2007); *Lin v. Sec'y, U.S. Dep't Homeland Sec.*, 485 F. Supp. 2d 263 (W.D.N.Y. 2007); *Mahd v. Chertoff*, No. 06-1023, 2007 U.S. Dist. LEXIS 20762, 2007 WL 891867 (D. Colo. Mar. 22, 2007); *Hamim v. Chertoff*, No. 06-1568, 2007 U.S. Dist. LEXIS 14424, 2007 WL 679643 (E.D. Mo. Mar. 1, 2007); *Kheridden v. Chertoff*, No. 06-4792, 2007 U.S. Dist. LEXIS 13571, 2007 WL 674707 (D.N.J. Feb. 28, 2007); *Attili v. FBI*, No. H-06-0337, 2007 U.S. Dist. LEXIS 9446, 2007 WL 471124 (S.D. Tex. Feb. 9, 2007); *Hussein v. Gonzales*, 474 F. Supp. 2d 1265 (M.D. Fla 2007); *Affaneh v. Hansen*, No.C-3-06267, 2007 U.S. Dist. LEXIS 6178, 2007 WL 295474 (S.D. Ohio Jan. 29, 2007); *Shalabi v. Gonzales*, No. 06-866, 2006 U.S. Dist. LEXIS 77096, 2006 WL 3032413 (E.D. Mo. Oct. 23, 2006); *Choo Song Eng v. Chertoff*, No. H-06-1302, 2006 U.S. LEXIS 63042, 2006 WL 2442894 (S.D. Tex. Aug. 21, 2006); *Khan v. Chertoff*, No. CV-05-560-PHX-SRB, 2006 U.S. Dist. LEXIS 48937, 2006 WL 2009055 (D. Ariz. July 14, 2006); *Meyersiek v. USCIS*, No. CA05-398 ML, 2006 U.S. Dist. LEXIS 37255, 2006 WL 1582397 (D.R.I. June 6, 2006); *Daami v. Gonzales*, No. 05-3667, 2006 U.S. Dist. LEXIS 37539, 2006 WL 1457862 (D.N.J. May 22, 2006); *Al-Kudsi v. Gonzales*, No. 05-1584, 2006 U.S. Dist. LEXIS 16761, 2006 WL 752556 (D. Or. Mar. 22, 2006); *Shalan v. Chertoff*, No. 05-10980, 2006 U.S. Dist. LEXIS 253, 2006 WL 42143 (D. Mass. Jan. 6, 2006); *Essa v. USCIS*, No. 05-1449, 2005 U.S. Dist. LEXIS 38803, 2005 WL 3440827 (D. Minn. Dec. 14, 2005); *El-Dauor v. Chertoff*, 417 F. Supp. 2d 679 (W.D. Pa 2005); *Castracani v. Chertoff*, 377 F. Supp. 2d 71 (D.D.C. 2005); *Sweilem v. USCIS*, No. 05-CV-125, 2005 U.S. Dist. LEXIS 19630, 2005 WL 1123582 (N.D. Ohio May 10, 2005).

[4]*See, e.g., Ouili v. DHS*, No. 07-11749, 2007 U.S. Dist. LEXIS 56571, 2007 WL 2259335 (E.D. Mich. Aug. 2, 2007)(Roberts, J.); *Al-Yasiry v. USCIS*, No. 07-11633, 2007 U.S. Dist. LEXIS 55208, 2007 WL 2221397 (E.D. Mich. July 30, 2007)(Friedman, J.); *Omeiri v. Dist. Dir.*, No. 07-11757, 2007 U.S. Dist. LEXIS 53235, 2007 WL 2121998 (E.D. Mich. July 24, 2007)(Zatkoff, J.); *Ali Aref Al Basri v. Dist. Dir.*, No. 07-10795, 2007 U.S. Dist. LEXIS 51450, 2007 WL 2084099 (E.D. Mich. July 17, 2007)(Gadola, J.); *Gharbieh v. Chertoff*, No. 06-13869, 2007 U.S. Dist. LEXIS 39357, 2007 WL 1584203 (E.D. Mich. May 30, 2007)(Feikens, J.); *Almosawi v. Gonzales*, No. 06-15365, 2007 U.S. Dist. LEXIS 46694 (E.D. Mich. May 1, 2007)(Cox, J.); *Abdelkarim v. Gonzales*, No. 06-14436, 2007 U.S. Dist. LEXIS 31407, 2007 WL 1284924 (E.D. Mich. April 30, 2007)(Edmunds, J.); *Issa v. Mueller*, 486 F. Supp. 2d 668 (E.D. Mich. 2007)(Feikens, J.); *Yang v. Gonzales*, No. 06-14816, 2007 U.S. Dist. LEXIS 30736, 2007 WL 1232066 (E.D. Mich. April 24, 2007)(Rosen, J.); *Awada v. Gonzales*, No. 06-15394, 2007 U.S. Dist. LEXIS 29931, 2007 WL 1218769 (E.D. Mich. April 24, 2007)(Rosen, J.); *Asgari v. Gonzales*, No. 07-11727, 2007 U.S. Dist. LEXIS 45903, 2007 WL 1834710 (E.D. Mich. June 22, 2007)(Cox, J.); *Al Saleh v. Dist. Dir.*, No. 06-13372, 2007 U.S. Dist. LEXIS 25409, 2007 WL 925693 (E.D. Mich. Mar. 28, 2007)(Duggan, J.); *Khelifa v. Chertoff*, 433 F. Supp. 2d 836 (E.D. Mich. 2006)(Rosen, J.); *Zhang v. Chertoff*, No. 05-72121, 2006 U.S. Dist. LEXIS 45313, 2006 WL 4045600 (E.D. Mich. Feb. 1, 2006)(Roberts, J.); *Mahmood v. Jenifer*, No. 05-40154, 2005 U.S. Dist. LEXIS 42800, 2005 WL 5179153 (E.D. Mich. Nov. 30, 2005)(Gadola, J.); *Al Saidi v.*

applicant, and thus, if 120 days have passed since the applicant's initial interview, it is proper to exercise subject matter jurisdiction pursuant to Section 1447(b). *See supra* footnotes 3 and 4. In a recent opinion, this Court followed the majority of courts in concluding "that the initial interview of the naturalization applicant triggers the 120-day period set forth in Section 1447(b)." *Al-Mohammed*, 2007 WL 2004866, 2007 U.S. Dist. LEXIS 49174, at *8. For the same reasons this Court rejected CIS's interpretation of Section 1447(b) in *Al-Mohammed*, the Court rejects Defendants' interpretation in this case. *See id.* at *6-8 (rejecting CIS's interpretation for several reasons). Consequently, because Plaintiff's initial interview occurred on December 17, 2004, more than 120 days before he filed his Complaint, this Court has subject matter jurisdiction to adjudicate his claims.

## III. Defendants' Motion to Remand

The majority of courts described above, while deciding to exercise subject matter jurisdiction, declined to determine the propriety of the application, finding that remanding the matter to the CIS for prompt resolution is the more appropriate course of action. *See, e.g., Al-Mohammed*, 2007 WL 2004866, 2007 U.S. Dist. LEXIS 49174, at *8 (cases cited therein). In remanding the matter to the CIS for prompt resolution, these courts recognize their lack of expertise and the lack of information available to assess whether the plaintiff satisfied the various criteria for naturalization. *See Khelfia*, 433 F. Supp. 2d at 844. As stated by one district court, "the FBI criminal background check is a vital piece of

---

*Jenifer*, No. 05-71832, 2005 U.S. Dist. LEXIS 35466, 2005 WL 5179147 (E.D. Mich. Dec. 23, 2005)(Hood, J.).

information and absent such information the court system is simply not equipped with the resources necessary to ensure a thorough investigation prior to the giving of the naturalization oath." *Essa*, 2005 WL 3440827, 2005 U.S. Dist. LEXIS 38803, at *7-8.

This Court believes, as it did in *Al-Mohammed*, that remand is also appropriate in this case. Accordingly, this Court remands Plaintiff's naturalization application to CIS to make a decision on the application and directs CIS to render its decision within 120 days of the date of this Opinion and Order.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendants' motion to remand is **GRANTED** and the Court remands this matter to CIS to make a decision on Plaintiff's naturalization application within 120 days of the date of this Opinion and Order**.**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Alexander G. Vernon, Esq.
AUSA L. Michael Wicks